**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| **STACIA A. EDWARDS** | : | **Case Number** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **CIVIL COMPLAINT** |
| | : | |
| **MIRAND RESPONSE SYSTEMS, INC.** | : | |
| **Defendant** | : | |
| _____ | : | **JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Stacia A. Edwards, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1.      Plaintiff, Stacia A. Edwards, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well violations of New York General Business Law §349, New York General Business Law §601, and Invasion of Privacy by Intrusion Upon Seclusion.

## II.   JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District.

1

### III.  PARTIES

4.      Plaintiff, Stacia A. Edwards, (hereafter, Plaintiff) is an adult natural person residing at 1124 Eldert Lane, Apt 1, Brooklyn, NY 11208.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Mirand Response Systems, Inc. (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the states of New York and Texas, with a principal place of business located at 16211 Park Ten Place, Houston, Texas 77084-7016.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      In or about March 2014, Plaintiff began to receive constant and continuous phone calls on her cell phone and work phone from Defendant, attempting to collect on an alleged debt owed to Burlington Chevrolet.

8.      These phone calls came from the phone number (281) 579-4430, which is a phone number used by Defendant.

9.      During repeated calls to Plaintiff's cell phone, Plaintiff requested validation of the alleged debt and specifically requested something in writing regarding this alleged debt after verifying her address with Defendant on more than one occasion.

10.      Defendant ignored these requests and instead continued with its collection efforts.

11.     During several phone calls to Plaintiff's place of employment, Defendant's agent, "Miss Klein," has advised Plaintiff that she was an "investigator" or from the "Investigation Department."

12.     In response to these repeated phone calls, Plaintiff advised Defendant on more than one occasion that her employer prohibits personal communication or communication from collection agencies and specifically asked Defendant to not call her place of employment but rather to call her at home during non-working hours.

13.     Despite Plaintiff's continuing requests, subsequent phone calls to Plaintiff's place of employment occurred, wherein Defendant's agent, "Miss Klein," threatened to have Plaintiff arrested.

14.     In response to these repeated phone calls, Plaintiff advised Defendant on more than one occasion that her employer prohibits personal communication or communication from collection agencies and specifically asked Defendant to not call her place of employment but rather to call her at home during non-working hours.

15.     Despite Plaintiff's continuing requests, subsequent phone calls to Plaintiff's place of employment occurred, during one of which Defendant's agent, "Miss Klein," asked Plaintiff's colleague if she could speak with Plaintiff's supervisor.

16.     Plaintiff's supervisor disconnected the call after being advised that the call was from a debt collector.

17.     After being disconnected, Defendant's agent, "Miss Klein," again called Plaintiff's colleague and asked if she could speak with Plaintiff's supervisor.

18.     Plaintiff's supervisor again disconnected the call after being advised that the call was from a debt collector.

19.     As of the date of the filing of this complaint, Defendant has never sent Plaintiff any type of notice with regards to this debt.

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

21.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

22.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

23.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24.     At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25.     At all times pertinent hereto, the conduct of Defendant as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

27.     The above paragraphs are hereby incorporated herein by reference.

28.     At all times relevant hereto, Defendant was  attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(3): | Communicating with consumer at place of employment when debt collector knows the employer prohibits such communication. |
| §§ 1692c(b): | Communication with anyone except consumer, consumer's attorney, or credit bureau concerning the debt. |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

| | |
|---|---|
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692e(4): | False or misleading representation that non-payment will result in arrest or imprisonment. |
| §§ 1692e(5): | Threaten to take any action that cannot be taken or that is not intended to be taken |
| §§ 1692e(7): | Representing that consumer committed any crime or other conduct in order to disgrace the consumer. |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five (5) days of the initial communication |
| §§ 1692g(a)(3): | Must state the right to dispute the debt within 30 days |
| §§ 1692g(b): | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Mirand Response Systems, Inc., for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

6

     c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

     d.      Such additional and further relief as may be appropriate or that the

              interests of justice require.

## COUNT II - VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §349

30.     Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

31.     Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

32.     GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

33.     As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that they, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

      a.     Actual damages

      b.     Statutory damages

      c.     An award of reasonable attorney's fees and expenses and cost of suit; and

      d.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT III - VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §601

34.     Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

35.     Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

36.     GBL §601 provides in relevant part as follows:

(a) Communicate with the debtor or any member of her family or household with such frequency or at such unusual hours or in such a manner as can reasonably be expected to abuse or harass the debtor.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

      a.     Actual damages

b.      Statutory damages

c.      An award of reasonable attorney's fees and expenses and cost of suit; and

d.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV - INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

39.     New York further recognizes the Plaintiff's right to be free from invasions of privacy; thus, Defendant violated New York state law.

40.     The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

41.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

42.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

43.      All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor

and against Defendant, and Order the following relief:

      a.      Actual damages;

      b.      Statutory damages;

      c.      An award of reasonable attorney's fees and expenses and cost of

              suit; and

      d.      Such additional relief as is deemed just and proper, or that the

              interest of justice may require.

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

                    **Respectfully submitted,**

                    **VULLINGS LAW GROUP, LLC**

**Date:  October 1, 2014**          **BY:** <u>*/s/  Brent F. Vullings*</u>
                             Brent F. Vullings, Esquire
                             Vullings Law Group, LLC
                             3953 Ridge Pike
                             Suite 102
                             Collegeville, PA  19426
                             610-489-6060
                             610-489-1997 fax
                             bvullings@vullingslaw.com
                             Attorney for the Plaintiff